EXHIBIT A



**GREGORY FUNDING**  PO BOX 230579
Tigard, OR 97281-0579

|  |
|---|
| www.GregoryFunding.com |
| Contact: 866-712-5698 |
| Hours of Operation Monday – Friday |
| 6:30am -6:00pm PT |
| Payment Address: Gregory Funding |
| PO Box 742334 |
| Los Angeles, CA 90074-2334 |
| For Notice of Error or Inquiries: |
| PO Box 230668 |
| Tigard, OR 97281-0668 |
| Fax: 866-712-5697 |

Douglas M Berkowitz
Alyssa C Berkowitz
27 Aspen Rd
Sloatsburg, NY 10974

4/19/2022
Loan #: 346600-697
Property Address: 27 Aspen Road, Sloatsburg, NY 10974

Subject: Loss Mitigation Offer

Dear Douglas M Berkowitz and Alyssa C Berkowitz,

Gregory Funding is the servicer for the above-referenced loan. This letter is in response to your Loss Mitigation Application. After review of your application, our analysis of your financial position results in the following Loss Mitigation decisions concerning your loan:

**Forbearance or Permanent Modification options:**
_X_  Permanent Loan Modification is available; please see attached terms.

**Short Sale/Short Pay:**
_X_  Short Sale or Short Pay may be available on conditions to be specified if you are interested in this option.
____ You are not eligible for a Short Sale or Short Pay resolution because your property has a large amount of equity value, making these options unacceptable to the loan investor.

**Deed-in-Lieu-of-Foreclosure:**
_X_  Deed-in-Lieu-of-Foreclosure may be available on conditions to be specified if you are interested in this option.
____ You are not eligible for a Deed-in-Lieu-of-Foreclosure resolution because we have concluded that your property title has junior liens the loan investor would be obligated to pay.

We are a debt collector and information you provide to us may be used to collect a debt. However, if you filed for bankruptcy, we respect any stay, modification or discharge condition and this notice is given for regulatory compliance and information purposes only. If we are subject to a stay in your bankruptcy, this letter is not a demand for payment. If this debt is discharged under bankruptcy law, you are not personally liable for discharged debt and this is not a notice of personal liability. According to the mortgage and within the limits of bankruptcy law, we retain our rights to enforce the mortgage lien against the collateral property.

**IMPORTANT NOTICES:** You have until 5/4/2022 to accept this offer. To accept this offer you must complete all requirements outlined in the attached agreement prior to the above referenced date. Your lack of acceptance is considered to be non-acceptance according to federal rule 12 C.F.R. § 1024.41. If you do not accept this offer, you have no right to appeal.

The federal government encourages you to work with an authorized housing counselor, and if you want a housing counselor to assist you, you can find one through: the Consumer Financial Protection Bureau website, http://www.consumerfinance.gov/find-a-housing-counselor; Housing and Urban Development (HUD) website, http://www.hud.gov/offices/hsg/sfh/hcc/fc, or HUD Housing Counselor Hotline, toll-free at (800) 569-4287.

If you have any questions, please contact us toll-free at 866-712-5698.

Sincerely,
Jeffrey Pugh
Gregory Funding

Enclosure: Agreement

We are a debt collector and information you provide to us may be used to collect a debt. However, if you filed for bankruptcy, we respect any stay, modification or discharge condition and this notice is given for regulatory compliance and information purposes only. If we are subject to a stay in your bankruptcy, this letter is not a demand for payment. If this debt is discharged under bankruptcy law, you are not personally liable for discharged debt and this is not a notice of personal liability. According to the mortgage and within the limits of bankruptcy law, we retain our rights to enforce the mortgage lien against the collateral property.



# GREGORY FUNDING

## LOAN MODIFICATION AGREEMENT

**Borrower:** Douglas M Berkowitz
Alyssa C Berkowitz
27 Aspen Rd
Sloatsburg, NY 10974

**Lender:** Barclays Mortgage Trust 2021-NPL1, Mortgage-Backed Securities, Series 2021-NPL1, by U.S. Bank National Association, as Indenture Trustee

**Loan No.:** 346600-697

This Amendment to Promissory Note (the "Agreement") is entered into on 4/19/2022 effective as of 5/1/2022 (the "Effective Date"), by and among the Lender and the Borrower(s) identified above. The Borrower(s) identified above are referred to individually and collectively in this Agreement as "Borrower."

## RECITALS:

A. On or about 10/20/2003, for valuable consideration, Borrower executed and delivered to PHH Mortgage Services Corporation ("Original Lender") a Promissory Note (the "Note") in the original principal amount of $250,000.00. To secure the Note, Borrower executed a trust deed or mortgage (the "Security Instrument") granting Original Lender a security interest in real property commonly known as 27 Aspen Road, Sloatsburg, NY 10974, also known as 27 Aspen Road, Sloatsburg, NY 10974 (the "Property"). The Note, Security Instrument, and all other instruments, agreements, and documents executed in connection therewith are collectively referred to herein as the "Loan Documents."

B. The Lender named above ("Lender") is the current successor in interest to the Original Lender.

C. As of the date of this Agreement, the outstanding principal balance on the loan is $246,459.07 ("UPB"). In addition to the UPB, Borrower owes $47,996.46 ("Arrearage") in accrued interest, late charges, and other unpaid charges or amounts plus $14,413.51 in escrow advances/deficiency for a total of $308,869.04. In addition, there is an escrow shortage of $6,859.72.

D. In the event Borrower has filed for bankruptcy, Lender fully respects any applicable automatic stay or discharge and the relevant provisions of bankruptcy law. If Borrower's debt was discharged through bankruptcy, Borrower has no personal liability under the terms of the Loan Documents as amended and this Agreement. In that event, Lender retains only *in rem* rights against the property that serves as loan collateral, meaning the right to foreclose, pursuant to the Loan Documents as amended, this Agreement, and applicable law.

E. Borrower has requested, and Lender has agreed, to amend the loan terms as set forth in this Agreement.

NOW, THEREFORE, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, Borrower and Lender agree that the Loan Documents are amended as follows:

# AGREEMENT:

1. **Borrower Representations and Warranties.** Borrower confirms and agrees that: (a) the Recitals set forth above accurately reflect the outstanding balance and past due amounts on the loan; (b) there are no defenses or claims of setoffs with respect to any such sums or other amounts owing under the Loan Documents; (c) the Loan Documents are in full force and effect and the transactions contemplated therein constitute valid and binding obligations enforceable by Lender in accordance with their terms, and have not been modified either orally or in writing, except as set forth herein; and (d) Lender has not waived any requirements of the Loan Documents, nor any of Lender's rights thereunder.

2. **Approval by Federal Bankruptcy Court.** Borrower agrees that this Agreement is contingent on the following:

    a. The Borrower (or borrower's attorney if represented) shall timely obtain approval of this Agreement from the Federal Bankruptcy Court, and file any requisite motions to obtain this approval;

    b. The Borrower (or borrower's attorney if represented) shall timely file an amended plan consistent with the loan modification terms, if required by the Court in this jurisdiction;

    c. The Borrower (or borrower's attorney if represented) shall not file any motions, plans or other pleadings that deviate from the terms of this Agreement without Lender's prior written approval.

3. **Upfront Payment.** Borrower shall make a payment of $12,016.12 on or before 5/4/2022 to be applied as follows:

| Payment Due Date | Upfront to Escrow Advances/Deficiency | Upfront to Escrow Shortage | Upfront to Legal Fees | Total Payment Due |
|---|---|---|---|---|
| 05/04/2022 | $4,860.05 | $6,859.72 | $296.35 | $12,016.12 |

4. **Fixed Interest Rate.** The annual interest rate will be 4.575% for the remaining term of the loan as of the Effective Date.

5. **Capitalization of Unpaid Interest and Other Amounts.** The adjusted Arrearage, after reducing it by the upfront payment, totals $47,700.11 ("Net Arrearage"). The Net Arrearage plus $9,553.46 of escrow advances/deficiency have been added to the UPB as of the Effective Date for a total of $303,712.64 ("New UPB").

6. **Maturity Date.** The maturity date of the Note will be 5/1/2062.

7. **Loan Charges.** A complete itemization of loan charges, interest on escrow advances/deficiency and legal fees and costs is attached below.

8. **Payments.** Beginning 6/1/2022, and on the same day of each month after that, Borrower shall make principal and interest payments ("PI") of $1,380.06.

9. **Total Monthly Payment Amount.** The total monthly payments ("Monthly Payment") shall include the PI specified above plus a monthly escrow payment of $1,239.01 ("Escrow Payment") for property taxes for a total of $2,619.07. The amount of the Escrow Payment shall be added to the PI in order to determine the total amount that Borrower must pay each month. Any change in the Escrow Payment or interest rate listed above as applicable will result in a corresponding change in the Monthly Payment.

10. **Late fee.** Late fees will be imposed for any late payment as specified in the Loan Documents.

11. **Hazard Insurance.** Borrower is responsible for keeping the property insured at all times and to notify Lender of any changes in the insurance provider. Letting your insurance lapse, providing no insurance protection for your home, is a violation of the terms of your loan. On each policy expiration date, you will be required to renew each insurance policy or buy an equivalent policy to replace it. Annually, you must send Gregory Funding an updated declarations page, including the mortgagee clause information, which must be delivered to our correspondence address or fax number.

12. **Escrow Account.** Borrower authorizes Lender to establish and maintain an escrow account, when applicable and not already established, for the payment of taxes and hazard insurance on the property. Lender shall calculate the amount of monthly escrow payments required in accordance with the Real Estate Settlement Procedures Act.

13. **Escrow Advances.** Lender may advance funds as necessary to pay property taxes or insurance premiums at any time. If the escrow account balance is insufficient to pay such taxes or insurance premiums as they become due, Lender may advance such payments and add them to the debt obligations of the Note, and they will thereafter accrue interest at the rate specified in the Note. In addition, at Lender's sole discretion, Lender may increase the monthly Escrow Payment to repay escrow advances/deficiency.

14. **No Effect on Liens or Priority.** Nothing in this Agreement shall in any way release, diminish, or affect any liens created by, or the agreements or covenants contained in, the Loan Documents, or the first lien priority of any such liens. Borrower agrees that the Security Instrument shall secure all other sums that may be advanced in the future to Borrower by Lender pursuant to the terms of the Loan Documents.

15. **Release and Waiver of Claims.** As additional consideration to Lender for entering into this Agreement, Borrower hereby releases and forever discharges Lender, its officers, directors, employees, agents, attorneys, successors, and assigns from any and all liability or claims of liability, whether known or unknown, of whatsoever nature arising out of or based in whole or in part upon any agreement, act, or omission of the Lender, or of any person or entity acting, or purporting to act, on behalf of the Lender, occurring prior to the date of this Agreement.

16. **Further Assurances.** Borrower agrees to do any act or execute any additional documents requested by Lender as may be reasonably required by Lender to effectuate the purposes of this Agreement and to perfect or retain its perfected security interest in the collateral described in the Deed of Trust, with a first lien priority of any such security interest.

17. **Binding Agreement.** The provisions of this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, successors in interest, and permitted assigns.

18. **Governing Law/Severability.** This Agreement shall in all respects be governed, construed, applied, and enforced in accordance with the laws of the state of the Property. In the event one or more provisions of this Agreement shall be invalid, illegal, or unenforceable, the validity or enforceability of the remaining provisions shall not in any way be affected.

19. **Continuing Validity.** Except as to the Agreements above, the terms of the Loan Documents remain unchanged and in full force and effect. Nothing in this Agreement shall constitute a satisfaction of the Note or any other Loan Document. Borrower agrees that Borrower's liability under the terms of the Loan Documents remains unchanged and in full force and effect, except as modified above.

20. **No Oral Agreement.** It is agreed and acknowledged that all instruments referred to herein or executed or delivered in connection herewith can be supplemented, modified, amended, extended, waived, released, canceled or discharged and a consent or waiver can be given and an agreement can be altered or entered into, only in writing. None of the rights, powers, remedies or benefits of the Lender can be released, waived, extended, modified or amended and no consent can be given or any agreement altered or entered into except in writing signed by an agent of the Lender. Borrower further acknowledges its understanding that no officer or employee of the Lender has the power or authority to make an oral consent or an oral release, extension, Agreement or Agreement in respect to this Agreement or of any of the documents referred to herein or executed or delivered in connection herewith or to make any oral waiver or to alter or enter into any oral agreement on behalf of Lender.

21. **Attorneys' Fees.** Consistent with the existing terms applicable under the Loan Documents and Lender's rights in equity or in law, whether or not any court action is involved, Borrower agrees to pay all reasonable attorneys' fees and costs incurred by the Lender that are necessary at any time in the Lender's opinion to protect its interests or enforce its rights under this amendment to the Loan Documents.

22. **Counterparts.** This Agreement may be executed in counterparts, each of which when so executed and delivered shall be deemed original, but all such counterparts together shall constitute but one and the same instrument.

23. **Time is of the Essence.** This Agreement must be executed and delivered to lender with funds in the amount of $12,016.12 not later than 5/4/2022 to become effective.

BORROWER:

LENDER:

Gregory Funding LLC as Attorney in Fact for:

Barclays Mortgage Trust 2021-NPL1, Mortgage-Backed Securities, Series 2021-NPL1, by U.S. Bank National Association, as Indenture Trustee

_____
Douglas M Berkowitz

4/29/22
Date

_____
Alyssa C Berkowitz

4/29/22
Date

Misty Patterson
Name

Loss Mitigation Manager
Title

_____
Signature

_____
Date

Please see the below list of fees and/or costs that are part of the debt and included in your loan balance.

| Date | Description | Owed |
|---|---|---|
| 01/07/2022 | Prior servicer late fees | $82.92 |
| 01/07/2022 | Prior servicer corporate advances | $2,180.00 |
| 03/18/2022 | FC legal fee -- Motion to Dismiss | $250.00 |
| 03/18/2022 | Foreclosure legal cost | $46.35 |
| | Total | $2,559.27 |

# Recurring ACH Payment Agreement

Your account must be "current" for Gregory Funding to process this Recurring ACH Payment Agreement. "Current" for this purpose means you are less than 30 days past due on the most recently due installment. Be sure to budget for ACH auto-pay to be drawn from your bank account on the recurring date of the month within your monthly grace period that you select below.

To benefit from ACH on your next auto-pay day as selected below, this Agreement must be submitted at least five (5) days before the upcoming auto-pay day. If we receive your Agreement closer to your planned auto-pay day or the Agreement is incomplete, your auto-pay activity can only become effective, at the earliest, in the following payment cycle.

*If your loan terms provide for biweekly loan payments, you are not eligible for this program.*

Loan No: _____

```
⑆012345678⑆ 0123456789123⑈ 0123
   Routing Number   Account Number
```

Bank Name: _____ Routing No: _____ Account No: _____

Account Owner Name as it Appears on Bank Account: _____

Type of Account:    Checking    Savings    Other    Monthly Amount to Withdraw: $_____

Phone Number Where We Can Best Reach You: _____

**Auto-Pay Date to Withdraw Funds Monthly from your bank account**: The payment will be processed on your monthly due date or you can pick a monthly auto-pay date that always occurs before your grace period ends. An ACH auto-pay draft date that falls on a Saturday, Sunday or bank holiday will be processed on the next business day. If you select an invalid date for a particular month, the draft date will be the last day of the month. For example, if the draft date you select is the 30th of the month, in a month that only has 28 days the draft date will be the last day of the month.

Date of Each Month to Withdraw Funds: _____
                                               DD

Optional:    Start Date to Withdraw Funds: _____    End Date: _____
                                                               MM/DD/YYYY                                      MM/DD/YYYY

**GENERAL TERMS AND CONDITIONS:**

- **No fee is charged to enroll in ACH auto-pay or for each successful monthly ACH withdrawal from your bank account.**
- You agree to have sufficient funds in your account to pay as required by your loan documents, including escrow amounts payable. If our ACH draft does not process because your bank account had insufficient funds, we may charge a $15 "NSF" fee to your loan. We will not make a second ACH attempt for that month's payment. You must send us the missing payment. If you do not, you remain liable for the payment pursuant to your Promissory Note and we may assess a late charge.
- You authorize us to change your payment amount for an increase or decrease in total payment caused by any change in circumstances, including but not limited to a change from interest-only terms, a change of interest rate, or a change in required escrow payments.
- We reserve the right to change terms or fees for this program, cancel the program, or terminate your participation in the program for payment failures. If a change requires notice, we will give you notice in writing.
- If your loan becomes delinquent, we reserve the right to suspend or discontinue auto-pay and require you to make each payment by other means. After you cure the delinquency, you may need to apply again to reinstate ACH auto-pay.
- If you are in a bankruptcy and are making current contractual payments, you are eligible for this program. Otherwise, in the event you, a co-borrower or anyone on title to the property that secures the loan makes a new bankruptcy filing, we have the right to cancel your automatic payment participation upon receiving the filing notice, pending our review of your loan status.
- This agreement is subject to the laws of the U.S. and of Oregon.

**TO CHANGE OR CANCEL YOUR AUTOMATIC PAYMENTS:**

- You should cancel or change auto-pay instructions **at least 5 days before your next auto-pay date**. If you request your change closer to the next scheduled auto-pay date, you must plan for an additional payment draft based on your old instructions.
- *To cancel entirely or to change auto-pay instructions to a different day of the month or a different bank account*, call us at 866.712.5698, fax your request to 866.712.5697 or mail your request to the above address.

Signature: _____    Date: _____