Todd S. Cushner, Esq.
Cushner & Associates, P.C.
*Attorneys for the Debtor*
399 Knollwood Road, Suite 205
White Plains, New York 10603
(914) 600-5502 / (914) 600-5544
todd@cushnerlegal.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| ALYSSA C. BERKOWITZ AND | |
| DOUG M. BERKOWITZ | CASE NO. 18-23363 (CGM) |
| DEBTORS. | |

-----------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF APPLICATION FOR ADMINISTRATIVE**
**EXPENSES UNDER 11 U.S.C. §§ 330 AND 503(a)**

**TO:** **THE HONORABLE JUDGE CECELIA G. MORRIS,**
**UNITED STATES BANKRUPTCY COURT:**

The application of Todd S. Cushner, Esq., of the firm of Cushner & Associates, P.C. respectfully represents:

## GENERAL BACKGROUND

1. On September 4, 2018, (the "Petition Date") the debtors, Alyssa C. Berkowitz and Doug M. Berkowitz (the "Debtors") filed a Petition for Reorganization under Chapter 13 of the Bankruptcy Code.

2. On September 4, 2018, the Debtor filed the Chapter 13 Plan along with a Motion to Avoid Security Interest or lien and a Motion for valuation of collateral.

3. On February 12, 209 a Motion to avoid a second mortgage lien was filed and a Stipulation and Order was signed on April 26, 2019.

4. On December 6, 2019 the order was executed avoiding judicial liens.

5. On December 14, 2020, the Application requesting loss mitigation with New Rez LLC was filed and granted on December 18, 2020.

6. On February 18, 2022, the Application requesting loss mitigation with Gregory Funding was filed. Loss mitigation was terminated on March 30, 2022. The Application requesting loss mitigation was re-filed on March 7, 2022. A Motion to Approve the Loan Modification with Gregory Funding was filed on May 2, 2022.

7. The Debtor's filed an Amended Chapter 13 Plan on February 12, 2019. On December 13, 2019 the third Amended Chapter 13 plan was filed. The fourth amended Chapter 13 Plan was filed on March 18, 2020. The fifth amended Chapter 13 Plan was filed on March 30, 2020. The sixth amended Chapter 13 Plan was filed on August 6, 2020.

8. On November 16, 2019, January 21, 2020 and on April 28, 2012, the Debtor's filed a Status Report regarding loss mitigation.

9. On October 28, 2020 the Debtor's filed an Application to Employ a Real Estate Broker and such application was so ordered on December 16, 2020.

10. On October 29, 2020, the Debtor's filed a Motion to Sell their property and such motion was granted on December 16, 2020 approving the sale.

11. On April 13, 202, the Debtor's filed a Motion to Sell Timeshare property. Such Motion was granted and the order was signed on May 20, 2021. A closing report regarding the timeshare's interest was filed by Debtor's on April 28, 2021.

12. Your applicant, on behalf of the Debtors, has been responsible for guiding the Debtors estate through Chapter 13 of the Bankruptcy Code.

13. Prior to the Petition Date, the Debtors owned and continues to own real property located at 27 Aspen Road, Sloatsburg, New York 10974 (the "Property").

## APPLICATION FOR FEES

14. This application is made by Todd S. Cushner, Esq. of Cushner & Associates, P.C. ("Applicant") for an allowance of additional compensation for professional services and expenses rendered to and on behalf of the Debtor and other matters relating to the bankruptcy.

15. Debtor entered into a written retainer agreement with Cushner & Associates, P.C. wherein the Debtor consented to a fee of $5,500.00 to represent the Debtor in these proceedings. The retainer agreement specifically covered certain enumerated services. A copy of the Retainer agreement is annexed hereto as **Exhibit A**. The retainer agreement provided that $3,500.00 was due pre-petition and $2,000.00 was due post-petition from trustee payments. The agreement provided that the $2,000.00 was due even in the event of dismissal of the Chapter 13 Bankruptcy.

16. By signing the retainer, the Debtor acknowledged and understood that attorney time would be billed or measured at a rate of $500 per hour, $350 per hour for associate fees and $200 an hour for paralegal/legal assistant fees.

17. On August 6, 2020, the Debtor filed an amended Chapter 13 Plan prepared by the undersigned. A copy of the Plan is attached hereto as **Exhibit B.** The undersigned provided services outlined in Exhibit C.

18. Section 330(a)(4)(B) of the Bankruptcy code provides:

> In a Chapter 12 or Chapter 13 case in which debtor is an individual, the court may allow reasonable compensation **to the debtor's attorney** for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

3

19. Section 1326(a)(2) provides that:

> If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, **after deducting any unpaid claim allowed under section 503(b).**

20. Section 503(b)(2) of the Bankruptcy Code provides:

    (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including---

    (2) compensation and reimbursement awarded **under section 330(a) of this title**.

15. Per the terms of the Retainer Agreement, the Debtor has agreed to pay an additional $2,000.00.

21. Your applicant has acted as legal counsel to the Debtor and has performed all of the necessary professional legal services which preserved the estate and provided the Debtor with an opportunity to reorganize Debtor's financial affairs.

22. Cushner & Associates, P.C. has been diligent in participating in the loss mitigation process with the holder of the Debtors mortgage and has expended many hours of attorney and paralegal time preparing documents and in correspondence with the Debtor, the Chapter 13 Trustee and the mortgage holder.

23. Cushner & Associates, P.C. has spent numerous hours on the case pre and post-petition with additional fees totaling $13,070.00. A copy of the time and records showing these hours and fees is attached hereto as **Exhibit C**. This work was reasonable and necessary to preserve the assets of the Debtors estate and allowed the Debtor to pursue loss mitigation.

24. When this Motion is ultimately heard by the Trustee, Movant shall advise the Court of the amount the Trustee is holding. To the extent there are funds available after the payment of commission and expenses of the Trustee, Todd S. Cushner requests fees and expenses as an administrative expense under Section 503(b)(2) and 1326(a)(2).

**TIME RECORDS**

25. Your applicant has expended a cumulative total of **27.1** hours of partner time and **.6** hours of paralegal time from **September 14, 2018 through June 29, 2022** in the rendition of its services to the Debtor. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter.

**ATTORNEY TODD CUSHNER**:

The following is a brief description of the experience and background of your applicant:

26. Attorney Cushner started practicing in the area of consumer bankruptcy law 18 years ago in both the Southern and Eastern Districts of New York. He is additionally admitted in the Federal District of New Jersey. Attorney Cushner presents to the Court that he is committed to assisting consumers and small businesses with Bankruptcy issues. Attorney Cushner regularly provides services to bankruptcy Debtors, on a no fee consult basis. His policy includes never charging fees for responding to emails or phone calls from or to clients to discuss their case, as seen in **Exhibit "C"** and the billing statement.

27. Attorney Cushner is active in various professional organizations and associations including National Association of Consumer Bankruptcy Attorney's, The NCLC, The WCBA, The RCBA and the Brooklyn Bar Association. He is a regular attendant at symposiums and

conventions including ABI's "Views from the Bench"; NCLC Annual FDCPA Conference; NACBA annual spring convention and annual fall workshops; HVBBA "New Deal Seminar" Hyde Park, NY; Fordham University's Loss Mitigation Symposium and the Westchester Bar Association's Bankruptcy events in an effort to continue his bankruptcy law and litigation education.

28. It is common knowledge in the bankruptcy community that attorneys representing debtor's in Chapter 13 cases must work in unusual circumstances with no true guarantee of payment. As is the case in Chapter 13 cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their client's interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 13 cases, applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

29. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services.

30. Your Applicant believes that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein.

31. Your applicant's standard time charge was FIVE HUNDRED DOLLARS ($500.00) per hour for partner time; and THREE HUNDRED AND FIFTY DOLLARS

($350.00) per hour for Associate Attorney time and TWO HUNDRED DOLLARS ($200.00) for Paralegals.

32. Utilizing these standard time charges **27.1** hours of partner time at **$500.00** per hour totals **$13,550.00** and **.6** hours of paralegal time at **$200.00** per hours totals **$120.00** with a combined total of **$13,670.00.** Debtor's Counsel provided a $600.00 discount which brings the balance due and owing to **$13,070.00.**

33. Additionally, **there is balance due on the original retainer in the amount of $2,000.00**.

34. Lastly, there is **$151.23** of expenses.

35. **The final total sum due and owing for attorneys' fees and costs is $15,221.23**.

**36.** No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by your applicant.

**WHEREFORE,** the Movant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 authorizing and directing the Trustee to pay $15,221.23 to Todd S. Cushner, for the balance of the unpaid fees for work done post-petition in the Debtors Chapter 13 bankruptcy case; and for such other and further relief as to the Court may seem just and proper.

Dated: White Plains, New York
      August 22, 2022

                              **CUSHNER & ASSOCIATES, P.C.**

By:   */s/ Todd S. Cushner*
       Todd S. Cushner, Esq.
       *Attorneys for Debtor*
       399 Knollwood Road, Suite 205
       White Plains, New York 10603
       (914) 600-5502 / (914) 600-5544
       todd@cushnerlegal.com